**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**ALEXIS DEJESUS,**                                    :

        **Petitioner**                  :     **CIVIL ACTION NO. 3:23-0714**

          **v**                         :          **(JUDGE MANNION)**

**WARDEN BARRAZA,**                                :

       **Respondent**                  :

<u>**MEMORANDUM**</u>

Petitioner, Alexis DeJesus, an inmate confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He requests that the Court compel the United States Bureau of Prisons ("BOP") to grant him earned time credits pursuant to the First Step Act. Id.

For the reasons set forth below, the Court will dismiss the petition without prejudice for DeJesus' failure to exhaust administrative remedies.

**I.    <u>Factual Background & Procedural History</u>**

On February 14, 2020, the United States District Court for the District of Connecticut sentenced DeJesus to a 108 month sentence for Conspiracy

to Possess with Intent to Distribute Heroin, Fentanyl, and Cocaine. (Doc. 7-1 at 5). He entered BOP custody on October 21, 2020 and his current projected release date is March 27, 2026, via good conduct time release. Id. DeJesus claims that the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to provide such credit. (Doc. 1). He acknowledges that he has not exhausted administrative remedies and asserts that exhaustion of administrative remedies is not necessary because his claim is a matter of statutory construction. Id.

A response to the petition was filed on June 15, 2023. (Doc. 7). Respondent argues the petition should be dismissed for failure to exhaust administrative remedies. Id. Although provided an opportunity, DeJesus has not filed a reply brief.

## II.    Discussion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, our court of appeals has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.

1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted). The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§542.10-19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. See id. §§542.13-15. No administrative remedy appeal is considered fully exhausted until reviewed by the general counsel. Id. §542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982). Respondent argues that

DeJesus' petition should be dismissed for failure to exhaust**.** The Court agrees**.**

Here, DeJesus concedes that he has failed to exhaust administrative remedies, and, instead, relies on the proposition that he is excused from doing so because his case involves a matter of statutory construction. (Doc. 1). The Court finds this argument unpersuasive. While courts have held that exhaustion is not required in cases turning on statutory interpretation, see Kurti v. White, Civil No. 1:19-cv-2019, 2020 WL 2063871, *3 (M.D. Pa. Apr. 29, 2020), such a question of statutory construction is not at issue here. To the contrary, DeJesus contends that the BOP has unlawfully denied him FSA Time Credits to which he is entitled. (Doc. 1). Because his petition does not present a matter purely of statutory construction; rather he is seeking to have a specific number of FSA time credits applied towards his sentence, exhaustion is not excused in that situation. E.g., Rodriguez v. Sage, No. 1:22-CV-503, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (Conner, J.); Powell v. Christensen, No. 3:22-CV-1985, 2023 WL 2060712, at *2 (M.D. Pa. Feb. 15, 2023); Rehfuss v. Spaulding, 2021 WL 2660869, at *3 (M.D. Pa. June 29, 2021) ("The parties do not agree on the specific number of ETCs earned by Petitioner. These issues are unrelated to statutory construction and, therefore the exhaustion requirement cannot be excused").

Accordingly, we conclude that DeJesus failed to exhaust administrative remedies.

**III. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 11, 2023**
23-0714-01